RELIEF W. CRAFTS & others *vs.* CHESTER JUDSON & another. CHESTER JUDSON & another *vs.* J. C. STANTON & others.

Middlesex.  Jan. 18. — Feb. 29, 1876.  COLT & ENDICOTT, JJ., absent.

Land was sold bounded on a private way belonging to the grantor.  No way was then laid out, though a culvert was built by the grantor across a piece of the land retained by him and a fence erected.  A plan of the land showing a way had been previously recorded in the registry of deeds, but the deed made no reference to the plan.  *Held*, that the plan did not control, and that the location of the way was a matter of fact, in determining which the conduct and declarations of the parties, the nature and position of the fence and culvert, and the purposes for which they were built were competent evidence.

TWO BILLS IN EQUITY.  The first was brought by Relief W. Crafts, Walter Crafts, J. C. Stanton, Charles F. Tuttle and Patrick Shea, the owners of land lying on the westerly side of a private way in Newton, against Chester Judson and Christopher Needham, owners of land on the east side of said way, to restrain the defendants from obstructing the way.

The second was brought by Chester Judson and Christopher Needham against J. C. Stanton, Patrick Shea and Charles F. Tuttle, to restrain the defendants from obstructing the same way.

The lands of the plaintiffs and of the defendants were separated by a private way forty feet wide, running northerly from Washington Street, and the question in dispute was whether the way, the points of the beginning of which were not in controversy, ran north 28¾° west or north 31¾° west.

The cases were referred to a master who found the facts to be as follows: In 1846, Judson was the owner of all the land now owned by the parties to these suits.  Subsequently he divided his land into lots and made a plan thereof, which was publicly exhibited in Newton and recorded in the Middlesex Southern District Registry of Deeds, on August 23, 1846.  This plan showed the way in dispute running in the direction, which the defendants in the first case contend is the true direction.

On August 1, 1849, Judson gave to Nathan Crafts, through whom the plaintiffs in the first case claim, a bond for deed of land in Newton, and on November 1, 1851, conveyed the land to him, by a deed describing the land as lying on the northerly side of Washington Street and bounded " southerly by Washington

Street; westerly by land of W. Parks; northerly on land of
Andrew J. Allen ; and easterly by my own land, (or by the line
of a road laid out through my land from Washington Street.
northerly to Andrew J. Allen's line.") The deed also contained
the following clause : " The road laid out by me from Washing-
ton Street, northerly to Andrew J. Allen's line, and being the
eastern boundary of the above described land, is to be kept in
order by parties who may own and abut on said road while it re-
mains a private way, reserving to myself the right to allow it to
become a public road, should I see fit so to do. Said Crafts, his
heirs and assigns to have the privilege of said road in common
with me, my heirs and assigns."

Neither the bond nor the deed contained any reference to the
plan; nor was the private way then laid out; though there was
evidence that a copy of the plan was given to Crafts before he
bought. A brook ran through the land conveyed to Crafts, and
also through the remaining land of the grantor. After the bond
was given and before the deed was executed, Judson built a cul-
vert, for the brook to run through, across what the plaintiffs in
the first case contend is the way, and put up a fence on the line
thereof. This fence, Judson testified, was put up without mak-
ing any measurements and for the temporary purpose of pastur-
ing cattle. Part of the fence remained until 1862, and part until
1866. No question as to boundaries arose in the lifetime of Na-
than Crafts, who died in 1857. The report of the master also
set forth certain deeds of Judson of the land on the east of the
way, bearing on the question of fact where the line of the way
was on that side, and also conflicting testimony as to declarations
made by Judson in regard to the location of the way.

Hearing before *Morton*, J., who decided that the location of
the private way was the same as laid down on the recorded plan,
and that the location had not been altered by the fence and cul-
vert ; and entered a decree for the defendants in the first case,
and for the plaintiffs in the second; and the adverse parties ap-
pealed.

*I. D. Van Duzee*, for the appellants.

*N. C. Berry*, for the appellees.

DEVENS, J. At the time when a bond for a deed was given
by Judson to Nathan Crafts, the land agreed to be conveyed was

described by him as bounded "easterly on my own land to the line of a road which I have laid out," &c. No road was then actually constructed upon the land or indicated thereon by fences or culverts. Judson had previously made a plan of his estate upon which a road was exhibited, which plan had, before the date of the bond, been recorded in the Middlesex Registry of Deeds, and there was evidence that a copy of it had been given to Nathan Crafts. No reference, however, was made to the plan in the deed subsequently given by Judson conformably to the obligation in his bond. The position of the road described in the deed was, therefore, to be determined as a question of fact by the master, and afterwards by the judge before whom the cases were heard. Whether it was the road as indicated by the plan, or whether it was one indicated by a fence and culvert erected subsequently to the date of the bond, was the matter in dispute. Upon this inquiry the conduct and declarations of the parties, the nature and position of the fences and culvert, the purposes for which they were built, were put in evidence, and the evidence in relation to them was conflicting. Upon this evidence it might properly have been found that the position of the private road referred to in the deed was the same as that shown by the plan, and not that indicated by the fence and culvert, and we see no reason to disturb the finding.          *Decrees affirmed.*